IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

      Plaintiff,                        No. CIV S-08-2788 EFB P

      vs.

VOKUFKA, et al.,

                               ORDER

      Defendants.

                             /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1), and is before the undersigned pursuant to plaintiff's consent, *see* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Plaintiff must pay the $350 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  He must make monthly payments of 20 percent of the preceding month's income credited to his trust account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim that defendant Vokufka violated the Eighth Amendment by arbitrarily denying plaintiff outdoor exercise. *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim that Vokufka violated his right to adequate medical care, due process in the prison grievance system or that Vokufka retaliated against plaintiff.

In the complaint, plaintiff alleges that in rescinding his yard privileges, Vokufka interfered with plaintiff's rehabilitative therapy he received through the enhanced outpatient program. He also alleges that Vokufka rescinded plaintiff's yard privileges as a retaliatory measure for Vokufka having been berated by fellow guards in front of the prisoners. At some point, plaintiff attempted to give Vokufka a grievance about losing yard time, but Vokufka refused to take it. Thus, plaintiff alleges, he gave it to a different (unidentified) officer, but the grievance was never answered.

Section 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Essential to any claim under § 1983 are allegations which show a connection between a defendant's actions and the deprivation the plaintiff alleges. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Accordingly, the Ninth Circuit has held that a person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which" the plaintiff complains. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To state a section 1983 claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);

2

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

To state a section 1983 claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and that the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).  To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience.  *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).  Prisoners have "no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).  Furthermore, while prisoners have a First Amendment right to file prison grievances, *Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003), they have no corresponding right to a response, *see McDonald v. Smith*, 472 U.S. 479, 482 (1985) (right to petition is a right of expression).

Plaintiff's allegations fail to state a claim under these theories.  There is no allegation that plaintiff suffers any serious medical need or that rehabilitative therapy was medically necessary.  Nor is there any allegation that Vokufka rescinded plaintiff's yard time based upon plaintiff's exercise of his First Amendment rights.  Instead, plaintiff alleges that Vokufka essentially took out on plaintiff his frustrations at being humiliated in front of prisoners.  Finally, plaintiff has no federally protected interest in the prison grievance process or in a response to his grievance.  His

claim of retaliation and his claims concerning the handling of his grievances must be dismissed with prejudice. It is not clear that amendment of his claim that Vokufka interfered with plaintiff's right to medical care would be futile, and, accordingly, plaintiff may amend his complaint as explained below.

Plaintiff may proceed forthwith to serve defendant Vokufka on the claim that rescinding plaintiff's yard time constituted inhumane treatment in violation of the Eighth Amendment and pursue only that claim, or he may delay serving Vokufka and attempt to cure the deficiencies the court has identified in the other claims.

If plaintiff elects to attempt to amend his complaint to cure the deficiencies explained above, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith with the claim he has stated against Vokufka, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of his deficient claims without prejudice.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)

////

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his cognizable claim.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Except as identified below, plaintiff's other claims are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

6

1       4. The allegations in the pleading are sufficient at least to state a cognizable claim
2 against defendants Vokufka. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court
3 shall provide to plaintiff a blank summons, a copy of the pleading filed November 20, 2008, one
4 USM-285 form and instructions for service of process on defendant Vokufka. Within 20 days of
5 service of this order plaintiff may return the attached Notice of Submission of Documents with
6 the completed summons, the completed USM-285 form, and two copies of the November 20,
7 2008, complaint. The court will transmit them to the United States Marshal for service of
8 process pursuant to Fed. R. Civ. P. 4. Defendant Vokufka will be required to respond to
9 plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the
10 court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his
11 defective claims without prejudice; And,

12      5. The following claims are dismissed on the ground that plaintiff fails to state a claim
13 for relief, *see* 28 U.S.C. § 1915A:

14         a. Plaintiff's claim that Vokufka rescinded plaintiff's yard time in order to
15 retaliated against plaintiff;

16         b. Plaintiff's claim that Vokufka violated plaintiff's right to due process in the
17 prison grievance system by refusing to accept plaintiff's grievance; and,

18         c. Plaintiff's claim that an unidentified officer violated the First Amendment by
19 not ensuring that plaintiff received a response to his grievance.

20 Dated: September 2, 2009.

21                              EDMUND F. BRENNAN
22                              UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  THOMAS JOHN HEILMAN,
11          Plaintiff,                    No. CIV S-08-2788 EFB P
12      vs.
13  VOKUFKA, et al.,
14          Defendants.                   NOTICE OF SUBMISSION OF DOCUMENTS
15  _____/
16      Plaintiff hereby submits the following documents in compliance with the court's order
17  filed _____:
18          __1__       completed summons form
19          __1__       completed form USM-285
20          __2__       copies of the __November 20, 2008__
                                              Complaint
21
22  Dated:
23
                                          _____
                                                  Plaintiff
24
25
26

8