IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

     Plaintiff,                           No. CIV S-08-2788 FCD EFB P

    vs.

VOKUFKA,

     Defendant.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are several discovery-related motions filed by plaintiff.

        Plaintiff filed a "Petition for Court Order for Depositions of Parties" on February 18, 2010. Dckt. No. 20. In this document, plaintiff requested that the Court issue an order designating the time and place for depositions of defendant Vokufka as well as non-parties M. Larson, Coleman, and J. Foster. Plaintiff attached questions to be asked of each prospective deponent. However, plaintiff later realized that the "Petition" was not proper under the Federal Rules of Civil Procedure and accordingly submitted a "Motion for Court Order to Compel Interrogatories" on April 7, 2010, asking the Court to compel defendant Vokufka and the non-parties to respond to the questions attached to the "Petition" as interrogatories. Dckt. No. 26.

1    Defendant submitted an opposition to the "Petition" and "Motion for Court Order to
2 Compel Interrogatories" on April 28, 2010.  In his opposition, defendant argues that plaintiff's
3 requests must be denied for several reasons.  First, plaintiff did not meet and confer with
4 defendant regarding the interrogatories or include a meet and confer certification as required by
5 Federal Rule of Civil Procedure 37(a)(1).[1]  Because plaintiff did not meet and confer, defendant
6 had no way of knowing that plaintiff intended the "Petition," which was addressed to the Court,
7 as interrogatories addressed to defendant and the non-parties.  Second, the "Petition" was
8 defective as a deposition notice under Rule 30.  Third, the cut-off date for discovery under Rules
9 31 (depositions), 33 (interrogatories), 34 (requests for production), and 36 (requests for
10 admission) was February 16, 2010 (*see* January 20, 2010 Discovery and Scheduling Order, Dckt.
11 No. 18), so interrogatories at this point are not timely.  Fourth, plaintiff submitted 30 questions
12 for defendant to answer without obtaining leave of court to propound in excess of 25
13 interrogatories under Rule 33(a)(1).  Lastly, defendant points to a number of defects regarding
14 plaintiff's attempt to question the non-parties (who have not been served with a subpoena or
15 given notice of plaintiff's motions).

16    Plaintiff, in his reply to defendant's opposition, concedes that he failed to meet and
17 confer regarding the questions/interrogatories at issue in Docket Nos. 20 and 26 and that the
18 "Petition" was defective as a deposition notice.  He further concedes that he failed to follow the
19 proper procedure to question non-parties M. Larson, Coleman, and J. Foster, and accordingly
20 withdraws his motion to compel as to those non-parties.  Plaintiff states that he is inexperienced
21 and pro se and thus misunderstood the relevant Federal Rules of Civil Procedure.  He
22 accordingly asks the Court for leave to propound 30 interrogatories and to require defendant to
23 answer them.
24 ////

---

[1] All further references to "Rules" refer to rules contained in the Federal Rules of Civil Procedure.

2

1      Because of plaintiff's failure to comply with the applicable rules, the court cannot grant
2  his motion to compel defendant's response to the questions, now designated interrogatories by
3  plaintiff. Although plaintiff is pro se, he is required to read and comply with the Local Rules,
4  the Federal Rules of Civil Procedure, and the Court's orders. *See McNeil v. United States*, 508
5  U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil
6  litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")
7  Accordingly, plaintiff's "Petition" (Dckt. No. 20) and "Motion for Court Order to Compel
8  Interrogatories" (Dckt. No. 26) are denied. Keeping plaintiff's pro se status in mind, however,
9  the court hereby grants the parties an additional 60 days to complete discovery. The court
10 further grants plaintiff leave to propound 30 interrogatories. Plaintiff may submit the
11 interrogatories to defendant in compliance with the applicable Federal Rules of Civil Procedure
12 and Local Rules of this Court. The court admonishes plaintiff that it will not entertain any
13 further requests to extend the discovery deadline and will not consider any motions to compel
14 beyond that deadline.

15     Plaintiff has also filed a "Motion for Order to Compel Discovery" (Dckt. No. 21). By
16 this motion, plaintiff seeks an order compelling defendant and defendant's employer, the
17 California Department of Corrections and Rehabilitation ("CDCR"), to provide various
18 discovery. Plaintiff states that he submitted two requests for the information to defendant. In the
19 first request, plaintiff asked defendant for the addresses of two potential witnesses. Plaintiff
20 dated the request February 15, 2010, which was before the cut-off for written discovery, but the
21 proof of service is dated February 20, 2010, after the cut-off. Defendant responded that it would
22 not answer the discovery because it was not timely. In the second request, plaintiff asked for
23 various documents. Defendant substantively answered some of plaintiff's requests, attaching
24 responsive documents, but indicated that he had no responsive documents to the remaining
25 requests.
26 ////

As to the first discovery request, plaintiff states that he attempted to timely serve it but that he "has no control of processing of mail by CMF prison." The court will deny plaintiff's motion to compel responses due to the untimeliness of the request. However, because it appears that plaintiff attempted to timely serve the discovery and missed the deadline by only a few days, the court will allow plaintiff to resubmit to defendant the two interrogatories regarding the addresses of potential witnesses Dave Beck and Bernard Taylor. Accordingly, plaintiff is granted leave to propound 32 interrogatories on defendant within 60 days from the date of this order – the 30 interrogatories previously submitted to the Court in plaintiff's "Petition" and the two interrogatories regarding Beck and Taylor.

As to the second discovery request, plaintiff's request for documents, defendant has complied. Although defendant did not produce much of what was requested, there is no indication that the documents not produced are within defendant's possession, custody, or control. Accordingly, plaintiff's motion to compel defendant to respond to the request for documents dated February 7, 2010 and served February 13, 2010 is denied.

Plaintiff also sought information from CDCR through a California Public Records Act ("PRA") request. CDCR, through its PRA Coordinator B.C. Williams, denied the request with citation to California Government Code section 6254, which provides numerous exemptions to public disclosure. CDCR did not indicate which exemption was claimed. Plaintiff now seeks an order to compel CDCR's response under the federal Freedom of Information Act ("FOIA"). As there is no indication that plaintiff has submitted a request under FOIA to CDCR for the information, the court will deny plaintiff's motion to compel CDCR, and its PRA Coordinator Mr. Williams, to provide the information under FOIA (Dckt. No. 21).

Relatedly, plaintiff seeks two subpoenas – one for CDCR and one for Mr. Williams – for the "previously requested" information. Dckt. Nos. 30 & 32. Plaintiff's request for subpoenas does not specify what precise information is sought via subpoena; apparently plaintiff seeks the information previously requested under the PRA, but plaintiff has not provided a copy of the

4

PRA request itself. However, in his motion to compel CDCR and Mr. Williams (Dckt. No. 21), plaintiff describes the information he has sought from defendant and the CDCR through his various discovery requests. Accordingly, the Court presumes that the requests listed in Docket No. 21 encompass the information sought from CDCR.[2] The requested information appears to

---

[2] Plaintiff seeks the following:

(1) The name of the African-American female CDCR employee partnered with M. Vokufka on the N-Tower Exercise yard on April 4, 2007, Second Watch.

(2) The addresses of potential witnesses and former prison Inmates and the name and addresses of their Parole Agents should they be on parole or the facility of their imprisonment should they be incarcerated:

    (a) Inmate Dave Peck, CDC ID No. F-08920.

    (b) Inmate Bernard Taylor, CDC ID No. F-15239.

(3) Documents and/or Records of the investigation and/or results of the investigation of plaintiff's 602 staff complaint appeal against defendant, M. Vokufka, C/O, conducted by J. Foster, Correctional Lieutenant. Institutional Log No. CMF-M-07-01295 and returned to plaintiff on or about June 30, 2007. With emphasis on the following:

    (a) The CDCR document known as: Confidential Supplement to Appeal, Appeal Inquiry (Attachment "C") of 602 Staff Complaint Appeal Log No. CMF-M-07-01295.

    (b) A Record of the interview or attempted interview of the following staff members concerning 602 Appeal Log No. CMF-M-07-01295:

        (I) Mr. Larson, Correctional Officer, Post-N-2 Wing on April 4-5, 2007.

        (ii) Mr. Coleman, Correctional Officer, Post-N-2 Wing on April 4-5, 2007.

        (iii) Mr. Demarrs, Correctional Sergeant, N-2 Tower on April 4, 2007.

        (iv) Dr. Bloehm, Psychologist, N-2 Wing April 4-5, 2007.

(4) Documents or Records of any and all interviews with the defendant M. Vokufka, C/O, concerning the allegations against him contained in plaintiff's CDC 602 Staff Complaint appeal, Log No. Log No. CMF-M-07-01295.

(5) Documents or Records of interviews or attempts to interview the following

Case 2:08-cv-02788-KJM-EFB   Document 38   Filed 07/26/10   Page 6 of 7

be proper subjects of discovery in the instant matter, but Mr. Williams is not a party to the litigation and his position as PRA Coordinator for CDCR does not indicate that he possesses or controls the information requested by plaintiff. Accordingly, the Court will issue one subpoena for the information sought by plaintiff. Plaintiff must complete the subpoena before serving it on CDCR or the California Medical Facility - Vacaville in accordance with Rule 45.

////

---

Inmates as eye-witnesses to the events of April 4-5, 2007:

    (a) Dave Beck, CDCR ID No. F-08920.

    (b) Bernard Taylor, CDCR ID No. F-15239.

    (c) Kellums, CDCR ID No. V-48858.

    (d) Bradley Parrish, CDCR ID No. unknown.

    (e) Plaintiff Thomas J. Heilman, CDCR ID No. H-76785.

(6) Documents, Records and the Report of the investigation of the fist-fight altercation occurring between Inmate Kellums, ID No. V-48858 and Bradley Parrish, ID No. unknown. The actual 115 or 128-A or 128-B disciplinary reports or informative chronos documenting the altercation on April 4, 2007 on the N-Tower Exercise Yard and the identities of the Reporting Employee and other correctional staff who intervened in the altercation.

(7) The Record or Document showing whether Plaintiff's 602 Staff Complaint appeal was investigated as a staff complaint and statistically categorized as a staff complaint appeal, Log No. Log No. CMF-M-07-01295.

(8) The Documents or Records of: (a) the Post Orders, (b) Job Description, (c) Duties and Responsibilities, (d) Hours worked on April 4, 2007, of the defendant M. Vokufka, C/O, and those of the correctional staff partnered with C/O Vokufka on April 4, 2007 while supervising the N-Tower Exercise Yard.

(9) The specific CMF-Vacaville General Orders pertaining to the defendant's duties and responsibilities while supervising inmates.

(10) The documents or Records of any or all CDCR Rules or Regulations or CMF-Vacaville General Orders pertaining to the restriction of wearing headphones on the EOP Exercise yard or other General Population Exercise Yards on the date of April 4, 2007.

Dckt. No. 21 at 2-5.

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. Plaintiff's February 18, 2010 "Petition for Court Order for Depositions of Parties"
3  (Dckt. No. 20) is denied.

4  2. Plaintiff's April 7, 2010 "Motion for Court Order to Compel Interrogatories" (Dckt.
5  No. 26) is denied.

6  3. Plaintiff's March 17, 2010 "Motion for Order to Compel Discovery" (Dckt. No. 21) is
7  denied.

8  4. Discovery is reopened for an additional 60 days from the date of this order for the
9  limited purpose of allowing plaintiff to propound on defendant the 30 interrogatories previously
10 attached to his "Petition for Court Order for Depositions of Parties" (Dckt. No. 20) and the 2
11 interrogatories previously served on February 20, 2010.  The Court grants plaintiff leave to
12 propound seven interrogatories in excess of the 25 provided for by Federal Rule of Civil
13 Procedure 33(a)(1).

14 5. The Clerk of the Court is directed to issue a subpoena, signed but otherwise in blank,
15 to plaintiff in accordance with Federal Rule of Civil Procedure 45.

16 DATED: July 26, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE