IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

    Plaintiff,                 No. CIV S-08-2788 KJM EFB P

    vs.

MICHAEL VOJKUFKA,

    Defendant.           <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In a motion filed March 12, 2012, he states he was transferred to R.J. Donovan Correctional Facility in retaliation for engaging in constitutionally protected conduct, and that officials at California Medical Facility confiscated his legal property. Plaintiff contends he cannot proceed in this action without the return of his property. He seeks an order directing non-parties to return all of his legal property, or alternatively, for the court to provide him with copies of all records in this case. For the reasons stated below, plaintiff's motion is denied.

        Plaintiff is currently under no court-imposed deadline that requires access to his legal property. Thus, his claimed inability to proceed in this action lacks merit and his request for an order directing the return of his property appears to be unnecessary at this time. Nor will the Court provide him with copies of "all records" in this case. Twice now, the Clerk of the Court

1

1  has informed plaintiff that copies can be provided to him at a cost of $0.50 a page.  Dckt. Nos.
2  16, 87.  Although plaintiff proceeds in forma pauperis, *see* Dckt. No. 7, the expenditure of
3  public funds on behalf of an indigent litigant is proper only when authorized by Congress.
4  *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis statute does not authorize
5  the expenditure of public funds for copies of court documents.  *See* 28 U.S.C. § 1915.  Thus, if
6  plaintiff requires copies of documents filed with the court, he must pay for them.  Given that
7  there are over 90 docket entries in this action, plaintiff must also be more specific as to which
8  filings, or at least which types of filings, he seeks copies.

9  In due course, the court may direct plaintiff to file a pretrial statement.  Should any delay
10 in the return of his legal property interfere with his ability to timely prepare a pretrial statement,
11 plaintiff may then request that the court grant him an extension of time to file a pretrial
12 statement, explaining why he has been unable to complete his pretrial statement in the time
13 allowed.  If plaintiff seeks additional time on the grounds he did not have adequate access to his
14 property, he must indicate why he is unable to complete the pretrial statement without that
15 property, what specific requests he has made for access to that property, and how prison officials
16 have responded to those requests.

17 Accordingly, IT IS HEREBY ORDERED that plaintiff's March 12, 2012 motion for the
18 return of his property (Dckt. No. 92) is denied.

19 DATED:  April 6, 2012.

        _____
        EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE