UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No.  2:08-cv-2788-KJM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL VOJKUFKA, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  The case settled on September 5, 2013, but the parties now dispute whether the California Department of Corrections and Rehabilitation ("CDCR") properly debited the entire amount of the settlement from plaintiff's trust account to pay toward filing fees plaintiff owed in five separate actions.  Plaintiff asks the court to compel CDCR to reimburse him all but 20% of the settlement sum.  ECF No. 164.  Defendants ask the court to stay the case pending the U.S. Supreme Court's determination in *Bruce v. Samuels*, Case No. 14-844 (petition for a writ of certiorari granted on June 15, 2015; oral argument scheduled for November 4, 2015).  For the reasons that follow, the undersigned recommends that defendants' motion for a stay be granted.

/////

/////

/////

1

## I. Background

Plaintiff was granted leave to proceed in forma pauperis in this case, which allowed him to litigate the case without prepayment of the $350 filing fee pursuant to 28 U.S.C. § 1915(a). ECF No. 7. Under § 1915(b), however, plaintiff was obligated to pay the full filing fee through an initial partial payment and subsequent monthly payments of 20% of the preceding month's income in his trust account.

When the case settled for $1000 (ECF No. 139) and CDCR deposited that amount into plaintiff's trust account, prison officials immediately debited the entire amount to forward to various courts for filing fees in five actions in which plaintiff had an outstanding obligation under § 1915. This was done under the assumption that 20% of the $1000 could be assessed for each case for which plaintiff owed a fee (i.e., 20% of $1000, or $200, was assessed for five cases, using up the entire $1000). There is currently a split in the Courts of Appeal as to whether 20% may be assessed for each case each month, as was done here, or 20% may be taken only toward one case each month. Plaintiff argues for the latter and asks the court to compel defendants to reimburse him $800.

## II. Fee Assessment Under 28 U.S.C. § 1915(b)(2)

Section 1915(b) provides in full:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal

|   |   |   |
|---|---|---|
| | | of a civil action or criminal judgment. |
| | (4) | In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee. |

The courts are divided on how to collect partial fees under § 1915(b)(2) where the prisoner owes fees in multiple cases. The District of Columbia Circuit has recently described the conflict:

> The Second and Fourth Circuits interpret § 1915(b) to cap the monthly exaction of fees at twenty percent of a prisoner's monthly income, regardless of the number of cases for which he owes filing fees. *Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010); *Whitfield v. Scully*, 241 F.3d 264, 277 (2d Cir. 2001). Under that "per prisoner" cap, a prisoner would satisfy his obligations sequentially, first fully satisfying his obligation for his earliest case before moving on to the next one, at no time making any payment that would take his cumulative payments for that month beyond an overarching twenty-percent ceiling. By contrast, the Fifth, Seventh, Eighth, and Tenth Circuits have held that § 1915(b) requires a prisoner to make a separate installment payment for each filing fee incurred as long as no individual payment exceeds twenty percent of his monthly income. *Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs*, 374 F. App'x 821, 833 (10th Cir. 2010); *Atchison v. Collins*, 288 F.3d 177, 180 (5th Cir. 2002); *Lefkowitz v. Citi-Equity Grp.*, 146 F.3d 609, 612 (8th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Under that "per case" cap, a prisoner simultaneously makes payments towards satisfaction of all of his existing obligations.

*Pinson v. Samuels*, 761 F.3d 1, 7-8 (D.C. Cir. 2014). The D.C. Circuit adopted the "per case" approach (also referred to as "simultaneous recoupment") in *Pinson*. *Id.* at 7-10. Since *Pinson* was decided, the Third Circuit has joined the camp taking the "per prisoner" approach (also known as "sequential recoupment"). *Siluk v. Merwin*, 783 F.3d 421 (3d Cir. 2015). The Ninth Circuit has yet to speak on the issue, but some district courts within the circuit have adopted the "per case" approach. *Hendon v. Ramsey*, 478 F. Supp. 2d 1214 (S.D. Cal. 2007); *Samonte v. Frank*, 517 F. Supp. 2d 1238 (D. Haw. 2007).

One of the plaintiffs in *Pinson*, Antoine Bruce, filed a petition for writ of certiorari in the U.S. Supreme Court early this year. *Bruce v. Samuels*, Case No. 14-844, docket available at http://www.supremecourt.gov/search.aspx?filename=/docketfiles/14-844.htm. The Court granted the petition on June 15, 2015 and has scheduled argument for November 4, 2015. *Id.* The undersigned agrees with defendants that, in the interest of judicial economy, the determination of plaintiff's motion should be stayed until the Supreme Court issues its decision in *Bruce*. Such a

stay will prevent the possibility that the court's determination of the motion will conflict with the Supreme Court's imminent decision on the proper interpretation of § 1915(b).

### III.    Conclusion and Recommendation

For the reasons provided above, the undersigned recommends that the determination of plaintiff's motion to compel defendants to reimburse certain funds into his trust account be stayed until the Supreme Court issues its decision in *Bruce v. Samuels*. The undersigned further recommends that defendants be directed to file a status report within seven days of the issuance of the *Bruce* opinion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 23, 2015.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE